IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **DARRELL EUGENE BROWN,** | : | |
| **Plaintiff** | : | |
| vs. | : | |
| Officers WILLIAMS and WEBB, | : | NO. 5:12-CV-199 (MTT) |
| Defendants | : | O R D E R |

Plaintiff **DARRELL EUGENE BROWN** originally filed this civil rights action, which arises out of a February 15, 2012 incident occurring at Riverbend Correctional Facility ("RCF"), in the Superior Court of Baldwin County. Plaintiff also sought to proceed *in forma pauperis* in the action. On June 1, 2012, Defendant Officer Williams removed the lawsuit to this Court (Doc. 1). Although Plaintiff additionally sued "Officer Webb" in the Superior Court of Baldwin County, Counsel to Defendant Williams has indicated that no service has been made on Officer Webb and that there exists no employee by that name at RCF.

Plaintiff complains that Officer Webb turned off the water while Plaintiff was using the bathroom, threatened Plaintiff using obscene language, and refused to provide Plaintiff with a grievance form. According to Plaintiff, Defendant Williams confided with Webb and physically threatened Plaintiff.

Federal Courts are required to conduct an initial screening of any complaint filed by a prisoner against a governmental entity or its employees, as soon as practicable after docketing, and to dismiss the complaint if it is "frivolous, malicious, or fails to state

a claim upon which relief may be granted." 28 U.S.C. § 1915A; **see also Mitchell v. Brown and Williamson Tobacco Corp**., 294 F.3d 1309 (11th Cir.2002) (approving district court's frivolity screening of prisoner civil action that had been removed from state court)

Under 28 U.S.C. § 1915(g), the "three strikes rule" of the Prison Litigation Reform Act, a prisoner may not bring an *in forma pauperis* civil action or appeal:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Eleventh Circuit has upheld the constitutionality of section 1915(g) in concluding the provision does not violate an inmate's right of access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. **Rivera v. Allin**, 144 F.3d 719, 721-27 (11th Cir. 1998). Moreover, the prisoner must allege a present danger, as opposed to a past danger, to proceed under the imminent danger exception to section 1915(g). **Medberry v. Butler**, 185 F.3d 1189, 1193 (11th Cir. 1999).

Plaintiff has filed several lawsuits in the United States District Courts, at least four of which, or resulting appeals, were dismissed under circumstances that constitute

"strikes" for purposes of section 1915(g).[1]  As Plaintiff has more than three strikes, he cannot proceed *in forma pauperis* in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception to section 1915(g).  Plaintiff's allegations patently do not satisfy this standard.

Because Plaintiff has three prior strikes and is not under imminent danger of serious injury, his request to proceed *in forma pauperis* is **DENIED** and the instant action is **DISMISSED** without prejudice.  If Plaintiff wishes to bring a new civil rights action, he may do so by submitting new complaint forms and the entire $350.00 filing fee at the time of filing the complaint.  As the Eleventh Circuit stated in ***Dupree v. Palmer***, 284 F.3d 1234, 1236 (11th Cir. 2002), a prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status; he must pay the filing fee at the time he initiates the suit.

Even if Plaintiff had not incurred three strikes at the time he filed this lawsuit, his complaint would be subject to dismissal because his allegation do not state a cognizable constitutional or other federal claim.

**SO ORDERED**, this 7th day of June, 2012.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[1] ***See Brown v. Donald***, 1:11-cv-2022 (TCB) (N.D. Ga. Aug. 24, 2011) (complaint and appeal)***; Brown v. Toole***, 5:11-cv-168 (MTT) (M.D. Ga. Aug. 19, 2011) (complaint); and ***Brown v. Frazier***, 5:9-cv-3622 (CAM) (N.D. Ga. Jan. 11, 2010) (complaint).